IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Allen C. Sullivan, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No. 6:17-cv-3477-TMC |
| vs. | ) ) ) | **ORDER** |
| Rudco South, LLC, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Allen C. Sullivan filed this action *pro se*, alleging that his former employer, Defendant Rudco South, LLC, created a hostile work environment and unlawfully discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e; (ECF No. 1). On May 18, 2018, Rudco moved for summary judgment. (ECF No. 24). Sullivan filed a response to Rudco's summary judgment motion (ECF No. 27), and Rudco submitted a reply (ECF 29). The motion was referred to a United States Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).

On August 24, 2018, the magistrate judge issued a Report and Recommendation (the "Report") (ECF No. 31), recommending that the court grant Rudco's motion for summary judgment. The Report advised Sullivan of his right to file objections to the Report and the consequences for failing to do so. (ECF No. 31 at 12). On August 29, 2018, rather than filing objections, Sullivan submitted a copy of the same document he had filed in response to the summary judgment motion. (ECF No. 34).[1]

---

[1] The only difference between ECF No. 27 and ECF No. 34 is the caption. Otherwise, the documents appear to be identical.

1

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a *de novo* review of those portions of the magistrate judge's Report to which a specific objection has been made. The Court need not conduct a *de novo* review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Consequently, the court need not—and will not—address any of Plaintiff's arguments that fail to point the court to alleged specific errors the magistrate judge made in the Report. In the absence of specific objections, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks omitted).

As noted, after the magistrate judge issued the Report in this case, Sullivan filed the same document he previously filed in opposition to Rudco's summary judgment motion. This document does not mention, reference or address the Report in any way. Although documents filed *pro se* are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), courts are not required to "conjure up questions never squarely presented to them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Because Sullivan's post-Report filing does not present any objections to the Report, the court declines further consideration of its content.

The court has thoroughly reviewed the record and the Report and finds no error—clear or otherwise—that would preclude it from adopting the recommendations of the magistrate judge.

The court therefore adopts the Report (ECF No. 31) and incorporates it herein by reference. Accordingly, the court **GRANTS** Rudco's motion for summary judgment (ECF No. 24).[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 12, 2018
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] To the extent that Sullivan's *pro se* complaint can be construed to allege a retaliation cause of action, the court agrees with the magistrate judge that such a claim is without merit and grants summary judgment as to that claim as well. Sullivan's demand for damages is moot in light of the court's ruling on Rudco's motion for summary judgment.